In re The MARRIAGE OF Carla Sue GUYER and Curtis Dale Guyer.

Upon the Petition of Carla Sue Guyer, Appellee,

And Concerning Curtis Dale Guyer, Appellant.

No. 93–1321.

Supreme Court of Iowa.

Oct. 19, 1994.

Fred Stiefel of Park, Martens & Stiefel, Victor, for appellant.

Lee Walker and John E. Billingsley of Walker, Knopf & Billingsley Newton, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

The appellant, Curtis Guyer, appeals from the trial court's modification order increasing the amount of child support he must pay to the appellee, Carla Guyer. We affirm because we believe that Carla has shown a substantial change in circumstances entitling her to an increase in child support.

To fully understand the arguments of the parties, we must go back to the circumstances surrounding the original decree entered in the dissolution action between Curtis and Carla. In November 1990, the district court dissolved the parties' marriage and granted them joint custody of their two children. The court awarded Carla primary care of the children and ordered Curtis to pay child support of $450 per month. This figure was below the amount calculated under the child support guidelines in effect at that time.

The decree in the dissolution action incorporated the joint stipulation of Curtis and Carla, including the amount of child support. The district court was aware that this amount deviated from the guidelines but simply noted in its decree that following the guidelines "would be inappropriate."[1] The decree required the Guyers to informally adjust the amount of child support based on their incomes as the needs of the children increased. It also provided that if they could not agree, they should apply for a modification of the decree.

Two years after the dissolution decree, Carla attempted to negotiate an increase in the amount of child support. Curtis, however, was not cooperative. Consequently, in January 1993, Carla filed the present action to modify the support provisions of the decree. Carla's petition asserted the adoption of Iowa Code section 598.21(9) (1993)[2] and an increase in the cost of raising the children as substantial changes of circumstances.

The trial court found that Curtis' net monthly income had increased from $1442 at the time of the decree to $2514 at the time of the modification. It also found that Carla's income had increased from $325 to $632 per month. The court concluded there had been a substantial change in circumstances, citing section 598.21(9). It increased child support to $827 per month and ordered Curtis to pay $1000 toward Carla's attorney fees. Curtis appealed.

Our review is de novo. Iowa R.App.P. 4. We give weight to the trial court's factual findings, but we are not bound by them. Iowa R.App.P. 14(f)(7).

I. Before we consider whether Carla proved a substantial change in circumstances, we address Curtis' argument that the trial court erred in concluding that his net monthly income at the time of the dissolution was $1442. This figure came from the financial affidavit Curtis filed in the dissolution action several months prior to the decree. Curtis points out that by the time the dissolution decree was entered his income had increased. He wants us to use his actual net monthly income at the time of the decree to compare with his current income. If we do, the increase in his income for purposes of determining whether there has been a substantial change in circumstances is much less.

We refuse to do as Curtis asks. The evidence shows that when the dissolution decree was entered, neither Carla nor the court was aware that Curtis' income had increased from the time he filed his affidavit. Not surprisingly, Curtis made no effort to inform Carla or the court of this change. Curtis benefited from Carla's lack of knowledge once. We will not allow him to benefit a second time. Therefore, we use the income figure contained in the affidavit he filed in the dissolution action because it was the ba-

---

1. When a court sets child support in an amount different from that required by the guidelines, the law requires "a record or written finding, *based on stated reasons,* that the guidelines would be unjust or inappropriate as determined under the criteria prescribed by the supreme court." Iowa Code § 598.21(4)(a) (1993) (emphasis added). The decree entered in the dissolution case fell woefully short of this statutory requirement. (We note that the judge who ruled on the modifi-

cation petition did not author the dissolution decree.)

2. Iowa Code section 598.21(9) provides that "a substantial change in circumstances exists when the court order for child support deviates by ten percent or more from the amount which would be due pursuant to the most current child support guidelines...."

sis for the child support awarded in the original decree.

II. Curtis' primary argument on appeal is that Carla cannot rely on section 598.21(9) to prove a substantial change in circumstances. That section says that a substantial change in circumstances exists when child support varies by more than ten percent from the amount that would be due under the current guidelines. Curtis claims that because Carla agreed to the original amount of child support and its variance from the guidelines amount, she cannot now claim a substantial change in circumstances based on this variance. Curtis relies on the doctrine of res judicata.

■ Principles of res judicata preclude a court from relitigating an issue or claim that has been previously decided. *Israel v. Farmers Mut. Ins. Ass'n*, 339 N.W.2d 143, 146 (Iowa 1983). To preclude relitigation of the child support set in the dissolution decree, Curtis must meet the requirements for application of that aspect of res judicata known as issue preclusion. One prerequisite for application of that doctrine is that the issue litigated in the prior action be identical. *Id.*

■ The problem with Curtis' argument is that the issue in the modification hearing was whether there had been a substantial change in circumstances based on Curtis' *current* income. The trial court here did not revisit the wisdom of the deviation from the guidelines in the original decree. That was a different issue, involving substantially different income figures for both parties. Consequently, the doctrine of issue preclusion does not apply. We express no opinion on whether issue preclusion would apply had the change in the parties' incomes not been substantial.

■ Based on the parties' current incomes, the amount of child support Curtis was obligated to pay varied by more than ten percent from the amount owing under the current guidelines. Therefore, under section 598.21(9), there had been a substantial change in circumstances.

■ Even if we were to ignore section 598.21(9), Carla proved a substantial change in circumstances under section 598.21(8)(a). That section provides that the court shall consider changes in the income of a party when deciding if a substantial change in circumstances exists. Curtis' income increased substantially since the child support was originally set. There is nothing in the dissolution decree to indicate that the trial court set the amount of child support in contemplation of such a significant increase in Curtis' income. *See In re Marriage of Feustel*, 467 N.W.2d 261, 263 (Iowa 1991) (the change in circumstances must not have been within the contemplation of the court when the decree was entered). Therefore, we hold that Carla proved a substantial change in circumstances under section 598.21(8)(a). *See In re Marriage of Bergfeld*, 465 N.W.2d 865, 867, 870 (Iowa 1991) (father's increase in income from $1200 per month to $2626 per month was a substantial change in circumstances).

III. Curtis contends that even if a change in support is warranted, any change must be made according to the procedures set out in the parties' stipulation as incorporated in the dissolution decree. These procedures contemplated informal adjustments as the children grew older. The parties agreed in the stipulation that if informal adjustments were not possible, either party could request a modification with the court based on financial affidavits, "without a further showing of change of circumstances, other than economic."

■ Curtis interprets this agreement to mean that if his income increased fifteen percent, then Carla would be entitled to a fifteen percent increase in child support. In essence, this interpretation of the stipulation would perpetuate the deviation from the child support guidelines without the showing required by the guidelines and our case law. *See State ex rel. Reaves v. Kappmeyer*, 514 N.W.2d 101, 104 (Iowa 1994) (adjustment of guidelines amount is permissible only when the scheduled amount would be unjust or inappropriate); Iowa Code § 598.21(4)(a) (1991). We do not believe the parties to a dissolution action have the power to avoid the child support guidelines in this manner.

Therefore, we decide the amount of child support owed by Curtis under the present circumstances without regard to the "procedures" contained in the parties' prior stipulation.

Curtis concedes on appeal that there is nothing in the record to show that the guidelines amount would be unjust or inappropriate. Therefore, we agree with the trial court's decision that Curtis should be required to pay the amount set by the guidelines.

IV. Finally, we discuss the issue of attorney fees. Trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Geil*, 509 N.W.2d 738, 743 (Iowa 1993). Whether attorney fees should be awarded depends on the respective abilities of the parties to pay. *Id.* In addition, the fees must be fair and reasonable. *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977). To overturn the award, Curtis must establish that the trial court abused its discretion. *In re Marriage of Geil*, 509 N.W.2d at 743.

Carla nets $632 per month, compared to Curtis' net monthly income of $2514. Curtis does not claim that the fees were not fair and reasonable. We find no abuse of discretion in the award of attorney fees.

Carla also requests attorney fees on appeal. In addition to the factors discussed above, we consider whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Gaer*, 476 N.W.2d 324, 330 (Iowa 1991). We conclude upon the record before us that Curtis should contribute $1000 towards Carla's appellate attorney fees.

**AFFIRMED.**