**IN THE COURT OF APPEALS OF IOWA**

No. 13-1390
Filed July 16, 2014

**IN RE THE MARRIAGE OF JOHN MINEART
AND TAMI JO MINEART**

**Upon the Petition of
JOHN MINEART,**
        Petitioner-Appellant,

**And Concerning
TAMI JO MINEART,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Terry Rickers, Judge.


        A husband appeals the property division and spousal support provisions,

as well as the award of attorney fees, in the district court's dissolution decree.

**AFFIRMED AS MODIFIED.**



        Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

        Tara L. Hofbauer of Hudson, Mallaney, Shindler & Anderson, P.C., West

Des Moines, for appellee.



        Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**DANILSON, C.J.**

John Mineart appeals the property division and spousal support provisions, as well as the award of attorney fees, in the district court's dissolution decree. Upon our de novo review, we cannot agree with John's suggested terms, but we do agree the decree's property division and alimony award are inequitable to him. We modify the property division to award John a vehicle and snowplow, a Principal Financial Account, and the entirety of a Thrift Savings Plan. We also modify to reduce John's spousal support obligation from $2000 per month to $1500 per month. We affirm the court's award of trial attorney fees to Tami. We deny Tami's request for appellate attorney fees.

## I. Background Facts and Proceedings.

John and Tami were married in 1995. No children were born during the marriage. They separated in 2009, and John filed a petition for dissolution of marriage on July 9, 2010.

The parties owned a marital residence in Norwalk, Iowa, which had an assessed value of $119,500. The parties testified the home was worth about $125,000. There was a mortgage on the home of $73,621.87. The parties' monthly payment on the home for principal, interest, taxes, and insurance was $811.02 per month. The parties also owned a rental property in Knoxville, which they agreed should be valued at $25,000. They received rental income of $475 per month from the home. After taxes, insurance, and expenses for upkeep, they received net monthly income of $332.83 from the home, or $3993.96 annually.

The dissolution hearing commenced on April 17, 2013. At the time of the hearing, John was forty-two years old. John has a bachelor's degree and

master's degree from William Penn University. John is a captain in the Iowa National Guard, which involves one weekend a month and two weeks a year. He receives $1091 for each weekend drill, or about $13,092 per year. John began employment as a computer systems analyst with Northrup Grumman on October 1, 2012, with an annual salary of about $70,200. John is additionally employed as an adjunct instructor at ITT Technical Institute. He testified he was paid $1200 per class and generally taught two classes per quarter, which would amount to $9600 annually. From John's three jobs he earns a total of approximately $92,892 each year. John is in good health.

At the time of the hearing Tami was fifty-two years old. She is a certified medical assistant. She worked at Metro Anesthesia Pain Management Clinic, earning $45,760 annually, until her position was eliminated in February 2012. She received unemployment benefits until December 2012. Tami remained unemployed at the time of the hearing. Tami has several health concerns. Tami has been diagnosed with post-traumatic stress disorder (PTSD), anxiety, depression, and insomnia. She is in therapy with a psychologist and takes medication for her condition. Tami is also an alcoholic. She testified she attends AA meetings and had been sober for several months. While the dissolution action was pending Tami was diagnosed with anal-rectal cancer. She had surgery, and her physician stated no further treatment was needed other than regular checkups.

Tami's psychologist, Dr. Susan Guenther, testified Tami was not able to work at that point in time because her PTSD symptoms "make her emotionally reactive, volatile." Dr. Guenther stated it could take between six months to

twenty years to address Tami's PTSD symptoms. She noted having the dissolution settled would reduce some of Tami's stress.

The district court issued a dissolution decree on August 7, 2013. The court divided the parties' property to award Tami a greater amount of the marital assets, including the marital residence, her vehicle, her 401(k), and half of a Thrift Savings Account. John was awarded property that included the Knoxville property, his vehicle, and the remainder of the Thrift Savings Account.[1] John was ordered to pay Tami spousal support of $2000 per month until she reaches the age of sixty-seven.[2] He was ordered to pay $7500 for Tami's trial attorney fees. John now appeals.

## II. Standard of Review.

We review equity proceedings de novo. *In re Marriage of Olson*, 705 N.W.2d 312, 313 (Iowa 2005). We give weight to the district court's findings, especially regarding the credibility of witnesses, but are not bound by them. Iowa R. App. P. 6.904(3)(g). "Precedent is of little value as our determination must depend on the facts of the particular case." *In re Marriage of White*, 537 N.W.2d 744, 746 (Iowa 1995).

---

[1] The court additionally divided an IPERS account and awarded Tami a portion of John's military pension.

[2] John was additionally ordered to maintain health insurance for Tami "so long as it is available to him through the Continued Health Care Benefit Program." John testified he had health insurance for himself and Tami through the National Guard. Tami is responsible for her out-of-pocket medical expenses.

## III. Economic Provisions.

### A. Property Division.

John maintains the property distribution is inequitable because Tami was awarded "over seventy percent of the marital equity when the parties were married over seventeen years and neither party brought significant assets into the marriage." He asks to have the parties' assets divided more equitably.

"Property division and alimony should be considered together in evaluating their individual sufficiency." *In re Marriage of Trickey*, 589 N.W.2d 753, 756 (Iowa Ct. App. 1998). In matters of property distribution, we are guided by Iowa Code section 598.21 (2009). Iowa courts do not require an equal division or percentage distribution. *In re Marriage of Campbell*, 623 N.W.2d 585, 586 (Iowa Ct. App. 2001). The determining factor is what is fair and equitable in each particular circumstance. *In re Marriage of Miller*, 552 N.W.2d 460, 463 (Iowa Ct. App. 1996). The allocation of marital debt inheres in the division of property. *In re Marriage of Sullins*, 715 N.W.2d 242, 251 (Iowa 2006).

The district court divided the parties' property to award John assets worth $76,534 and ordered him to pay his student loan of $9000, giving him total net assets worth $67,534. The court awarded Tami assets worth $244,313. She was ordered to pay the mortgage on the marital residence and her credit cards, giving her debt of $82,322. Tami received total net assets worth $161,991. As a percentage, John was awarded about thirty percent of the net marital assets, while Tami was awarded about seventy percent. Although John agreed Tami should receive certain assets, the record does not show he agreed Tami should receive a much greater portion of the marital assets. The district court did not

provide any reasons in the dissolution decree for awarding such a large percentage of the marital assets to Tami.

We determine it would be more equitable if, in addition to the assets already awarded to John, he receives the vehicle and snowplow, valued at $5000; the Principal Financial Account, valued at $936; and all of the Thrift Savings Plan Account, valued at $36,685, half of which had been awarded to Tami. We modify the property distribution in the dissolution decree, as set forth in the following table.

| John | | Tami | |
|---|---|---|---|
| Rental property | $ 25,000 | Marital residence | $125,000 |
| Vehicle | 12,000 | Vehicle | 8,000 |
| American Funds | 700 | Merit 401(k) | 37,556 |
| Janus Funds | 2,000 | Invesco | 49,479 |
| Savings Account | 50 | Total | $220,035 |
| Checking Account | 2,500 | | |
| Saks fund | 300 | Less mortgage | $ 73,622 |
| Am. Ex. Account | 15,641 | credit cards | 8,700 |
| U.S. Bank Account | 0 | | |
| Thrift Savings Plan | 36,685 | Net | $137,713 |
| Vehicle & Snowplow | 5,000 | | |
| Principal Account | 936 | | |
| Total | $100,812 | | |
| Less student loan | 9,000 | | |
| Net | $ 91,812 | | |

In the property division as modified, John receives total net assets of $91,812 and Tami receives total net assets of $137,713.

## B. Spousal Support.

The district court ordered John to pay Tami traditional spousal support in the amount of $2000 per month until she reaches the age of sixty-seven. John maintains this is inequitable and asks that we modify to the decree to reduce the

amount of support to $500 per month for five years. He argues the award should be reduced because Tami received a majority of the marital assets. He also maintains the award encourages Tami not to return to employment or seek disability benefits.

Spousal support is not an absolute right. *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). Whether spousal support is proper depends on the facts and circumstances of each case. Here, the district court made it clear it was awarding Tami traditional spousal support. Traditional spousal support is "payable for life or so long as a spouse is incapable of self-support." *In re Marriage of Francis*, 442 N.W.2d 59, 64 (Iowa 1989).

Iowa Code section 598.21A provides the relevant factors in considering whether spousal support is appropriate, which include (1) length of marriage; (2) age and emotional and physical health of the parties; (3) property distribution; (4) educational level of the parties at the time of marriage and when the dissolution action is commenced; (5) earning capacity of the party seeking alimony, including educational background, training, employment skills, work experience, and length of absence from the job market; and (6) feasibility of the alimony-seeking party to become self-supporting with a reasonably comparable standard of living to that enjoyed during the marriage. *See also In re Marriage of Hansen*, 733 N.W.2d 683, 704 (Iowa 2007).

Although Tami had worked throughout most of the marriage, at the time of the hearing she was unemployed. Dr. Guenther testified Tami suffers from post-traumatic stress disorder, major depression, generalized anxiety disorder, and alcoholism, although Tami had been sober for several months at the time of the

hearing. She also testified that Tami was not able to work at that time, but that the goal was for Tami to be able to work again in the future. When asked to provide a timeline for Tami's return to work, Dr. Guenther stated, "I don't know how long it's going to take us to address the PTSD symptoms. It can take anywhere from six months to twenty years." We also note that while the dissolution action was pending, Tami was diagnosed with cancer. Tami had surgery, and she testified her doctor believed he was able to completely remove the cancer, but she continues to have regular check-ups.

The record shows Tami was incapable of self-support, and we conclude an award of spousal support is appropriate. John's 2012 federal income tax return shows he had income of $81,608. In general, a party's income tax returns are considered the best evidence of that party's income. *See In re Marriage of Will*, 602 N.W.2d 202, 204 (Iowa Ct. App. 1999). In this case, however, John's testimony at the dissolution hearing on April 17, 2013, supports a finding he has total annual gross income of $92,892 from his three jobs, and we use this figure. We note he additionally has net rental income of about $3994 annually.

Considering the parties' income and expenses, and the factors found in section 598.21A(1), we determine John should pay spousal support of $1500 per month until Tami reaches the age of sixty-seven. We modify the parties' dissolution decree accordingly.

## IV. Attorney Fees.

### A. Trial Attorney Fees.

At trial, Tami requested the district court order John to pay "at least half" of her $14,000 in attorney fees. The district court ordered John to pay $7500 of the

fees. John maintains the district court abused its discretion because the award "was excessive considering the length of the trial."

Trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Guyer*, 522 N.W.2d 818, 822 (Iowa 1994). The party seeking to overturn the court's decision must prove an abuse of discretion. *Id.* Whether attorney fees should be awarded depends on the respective abilities of the parties to pay. *Id.* In addition, fees must be fair and reasonable. *Id.*

Here, we cannot say Tami's attorney fees are unreasonable, and we affirm the district court's award of trial attorney fees. Although the dissolution hearing was less than six hours in duration, the trial date was continued four times from the original March 2012 date. One of the continuances was a result of Tami's medical issues, and one was a result of John's Iowa National Guard service requirements. Also, based on his income, John has the ability to contribute to Tami's attorney fees. The sum of $7500 shall be paid within ninety days of the issuance of procedendo.

### B. Appellate Attorney Fees.

On appeal, Tami requests an award of appellate attorney fees. Appellate attorney fees are not a matter of right, but rather rest in the appellate court's discretion. *Sullins*, 715 N.W.2d at 255. We consider the needs of the party seeking an award, the ability of the other to pay, and the relative merits of the appeal. *Id.* We determine both parties should be responsible to pay their own appellate attorney fees.

**V. Conclusion.**

In summary, we have modified the property division to award John a vehicle and snowplow, a Principal Financial Account, and the entirety of a Thrift Savings Plan. We also modify to reduce John's spousal support obligation from $2000 per month to $1500 per month. We affirm the court's award of trial attorney fees to Tami. We deny Tami's request for appellate attorney fees. Costs on appeal are assessed one-half to each party.

**AFFIRMED AS MODIFIED.**