# IN THE COURT OF APPEALS OF IOWA

No. 13-1281
Filed December 10, 2014

IN RE THE MARRIAGE OF CHARITY ANN DOWELL
AND TROY DANIEL DOWELL

Upon the Petition of
CHARITY ANN DOWELL, n/k/a
CHARITY ANN SCHNEIDER,
        Petitioner-Appellee,

And Concerning
TROY DANIEL DOWELL,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.


        Troy Dowell appeals from the custody provisions of the dissolution decree.

**AFFIRMED.**



        Diane L. Dornburg of Carney & Appleby, P.L.C., Des Moines, for

appellant.

        Debra Hockett-Clark, West Des Moines, for appellee.



        Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

Troy Dowell appeals from the custody provisions of the dissolution decree. He contends the trial court erred in granting the mother sole legal custody, in refusing the father access to the children's counseling records, and in ordering him to pay the attorney fees of Charity Dowell, now known as Charity Schneider.

We review dissolution rulings de novo. *See In re Marriage of Brown*, 776 N.W.2d 644, 647 (Iowa 2009); *In re Marriage of Hansen*, 733 N.W.2d 683, 690 (Iowa 2007).

Dowell and Schneider were married in 2003. They have three children together: E.D., born in 2000; J.D., born in 2003; and S.D., born in May 2007.

In 2008, Troy pled guilty to invasion of privacy, second-degree burglary, and neglect of a dependent. The sentencing court ordered his imprisonment and restrained him from having any contact with his three children. At sentencing, Dowell "signed off" on the criminal no-contact order, which was to remain in effect until July 15, 2013. Dowell was ordered to serve a one-year term and two ten-year terms of imprisonment consecutively.

Following Dowell's imprisonment, Schneider petitioned for the dissolution of the marriage. Dowell was appointed a guardian ad litem. On December 23, 2009, the district court entered a dissolution decree granting Schneider's request for sole legal custody and physical care of the children. Schneider and her children subsequently moved to Australia.

Dowell thereafter filed several documents contesting the criminal no-contact order and dissolution decree. Dowell moved to modify or terminate the no-contact order. He alleged Schneider was to obtain counseling for the children

and, once the counselor found it appropriate, he would be allowed to at least have telephone and written contact with the children. He also asserted the Iowa Department of Human Services was ready to approve contact. In July 2010, following a contested hearing, the district court denied the motion, finding an absence of support for any of Dowell's claims.

In November 2010, Dowell petitioned to vacate the dissolution decree and obtained permission to have the petition served on Schneider by publication. In May 2011, the district court entered a default order vacating certain portions of the dissolution decree, including "legal and physical custody of the minor children." The court stated, "By vacating the requested portions of the Decree, the parties are placed back in the position they were in prior to the entry of the decree. It will be up to the parties to relitigate those portions of the Decree that are set aside." Schneider learned the decree was set aside in January 2013 when she and her current husband and children were detained in the Los Angeles airport attempting to return to Australia.[1]

In his criminal case, following a July 1, 2013 hearing at which Dowell participated by telephone and was represented by counsel, the district court granted the State's motion to extend the no-contact order for an additional five years. The district court ruled Dowell had failed to prove he no longer posed a threat to the safety of the children, relying on a report from a registered

---

[1] Apparently there was an outstanding missing persons complaint filed by Dowell's extended family. *See Crabb v. Iowa Dist. Ct.*, No. 13-0814, 2014 WL 5243337, at *3 (Iowa Ct. App. Oct. 15, 2014). When Dowell's parents learned Schneider and the children were at the airport, they facilitated the filing of an application for rule to show cause, asserting Schneider was wrongfully withholding contact between the children and Dowell. *See id.* at *3-4.

psychologist in Australia who had recently seen two of the children involved—the report indicated any contact between Dowell and the children would need considerable professional support and that "even with this support they may not be able to cope emotionally with ongoing contact."

On July 18, 2013, the issues of custody and visitation were tried. On August 7, 2013, the district court granted Schneider sole legal custody and physical care of the children. The court also ordered Dowell to pay Schneider's attorney fees "within 24 months of his release from prison." Dowell appeals.

Upon our de novo review, we affirm. The trial court found clear and convincing evidence that joint legal custody is not in the children's best interests. We adopt its reasoning:

> 4. The Court has reviewed Iowa Code section 598.41(2)(b) [(2013)][2] regarding legal custody of the children and finds that while generally there is a presumption in favor of parties having joint legal custody of their children,[3] this presumption can be

[2] Section 598.41(2)(b) provides:
> If the court does not grant joint custody under this subsection, the court shall cite clear and convincing evidence . . . that joint custody is unreasonable and not in the best interest of the child to the extent that the legal custodial relationship between the child and parent should be severed.

[3] Iowa Code section 598.41(3) provides that in determining whether joint legal custody is in the best interests of the minor children, the court must consider several factors:
> a. Whether each parent would be a suitable custodian for the child.
> b. Whether the psychological and emotional needs and development of the child will suffer due to lack of active contact with and attention from both parents.
> c. Whether the parents can communicate with each other regarding the child's needs.
> d. Whether both parents have actively cared for the child before and since the separation.
> e. Whether each parent can support the other parent's relationship with the child.
> f. Whether the custody arrangement is in accord with the child's wishes or whether the child has strong opposition, taking into consideration the child's age and maturity.

overcome if there is clear and convincing evidence that joint legal custody is unreasonable and not in the best interest of the children. The Court finds that [Schneider] should be awarded sole legal custody of the children based upon the following:

    a. [Dowell] has a current five-year criminal no contact order preventing him from having contact with minor children which was recently extended to July 15, 2018.

    b. [Dowell] testified he has knowingly violated the no contact order with the assistance of his family members.

    c. [Dowell] testified he is an alcoholic and has substance abuse problems. He stated his criminal activity occurred when he was intoxicated and "blacked out." He has completed substance abuse treatment five times but he is not currently attending NA/AA meetings. He stated he does not attend NA/AA meetings because he feels "bummed out" when he leaves the meeting.

    d. [Dowell] admitted during his testimony that he may have been violent or acted out sexually in front of his children when he was intoxicated. He has no recollection of this occurring because if it occurred he would have been in a state of "black out."

    e. Lastly, the Court has taken judicial notice of the criminal files in which [Dowell] was convicted of various crimes. The Court notes that several of those offenses involved [Dowell] acting out sexually. [Dowell] is currently on the Sex Offender Registry.

5. The Court finds it is in the best interest of the children for [Schneider] to be awarded [sole] legal custody of the children.

6. The Court has reviewed Iowa Code section 598.1(7) which defines "physical care" to mean the right and responsibility to maintain a home for the children and provide for the routine care of the child.

7. The issue of physical custody is not an issue in this case as [Dowell] is currently incarcerated at the Newton Correctional Facility. His earliest parole date is in 2017. Therefore, it is in the best interest of the children to remain in the primary physical custody of their mother.

---

    g. Whether one or both the parents agree or are opposed to joint custody.

    h. The geographic proximity of the parents.

    i. Whether the safety of the child, other children, or the other parent will be jeopardized by the awarding of joint custody or by unsupervised or unrestricted visitation. . . . .

       8. There is currently a five-year criminal no contact order that will extend to July of 2018, and as such, there can be no visitation between [Dowell] and the children.

The district court has cited clear and convincing evidence joint legal custody is unreasonable and not in the children's best interests according to the enumerated factors of Iowa Code section 598.4(3). We affirm.

Dowell contends he seeks joint legal custody to "ensure that the children are continued in counseling and the expert's recommendations are followed." We conclude the district court adequately addressed the request:

       10. The children, [E.D.] and [J.D.], are currently attending therapy in Australia. [Schneider] shall continue to take the children to therapy until maximum benefits are received as determined by their therapist. [Dowell] may communicate with the children's therapist. However, the therapist will not disclose any information regarding the children's therapy to [Dowell].

Dowell complains it was error not to allow him access to the children's counseling records. Section 598.41(1)(e), states that "[u]nless otherwise ordered by the court in the custody decree, both parents shall have legal access to information concerning the child, including but not limited to medical, educational and law enforcement records." Because Dowell does not have legal custody, he is not entitled to the children's medical records. *Cf. Harder v. Anderson, Arnold, Dickey, Jensen, Gullickson & Sanger, L.L.P.*, 764 N.W.2d 534, 538 (Iowa 2009) (concluding a divorced parent *with* legal custody cannot obtain her children's mental health records by presenting a waiver to the mental health provider when disclosure of the records is not in the best interest of the children). We find no reason to disturb the trial court's custodial provisions.

Dowell finally argues that the award of attorney fees here was an abuse of discretion in light of his minimal earnings while incarcerated. He contends he has no capacity to pay Schneider's attorney fees.

Trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Guyer*, 522 N.W.2d 818, 822 (Iowa 1994). The party seeking to overturn the court's decision must prove an abuse of discretion. *Id.* Whether attorney fees should be awarded depends on the respective abilities of the parties to pay. *Id.* In addition, fees must be fair and reasonable. *Id.*

Here, the court ordered Dowell to pay Schneider's attorney fees within twenty-four months of his release from prison. In light of that caveat, and because there is no claim the fees awarded are unreasonable, we find no abuse of discretion.

**AFFIRMED.**