# IN THE COURT OF APPEALS OF IOWA

No. 18-1899
Filed July 24, 2019

IN RE THE MARRIAGE OF SHERRI J. OSWALT-WEILER
AND MATTHEW S. WEILER

Upon the Petition of
SHERRI J. OSWALT-WEILER,
     Petitioner-Appellee,

And Concerning
MATTHEW S. WEILER,
     Respondent-Appellant.

_____

     Appeal from the Iowa District Court for Scott County, Stuart Werling, Judge.


     The appellant appeals the district court's modification of the visitation provisions of a dissolution decree. **AFFIRMED.**


     Eric D. Puryear and Eric S. Mail of Puryear Law P.C., Davenport, for appellant.

     Jennifer M. Olsen of Olsen Law Firm, Davenport, for appellee.


     Considered by Potterfield, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Matthew Weiler (Matt) appeals the district court's modification of the visitation provisions of a dissolution decree. Following our de novo review, we affirm.

Matt and Sherri Oswalt-Weiler (Sherri) married in 2009. They have two children.

Allegations of abuse surfaced. Sherri filed for divorce. The Iowa Department of Human Services (DHS) became involved.

In 2014, the district court entered a decree of dissolution. The court awarded physical care to Sherri. The court awarded Matt "a one-hour supervised visitation weekly." The court also awarded Matt four-hour visitation periods on certain holidays. The court ordered these visits to be supervised "by a mutually agreed upon individual from Matt['s] family."

In 2017, Matt commenced this modification action. He asked the court "to expand his visitation to allow him unsupervised, overnight visitation." He also complained that Sherri failed to keep him informed about the children's school activities.

For her part, Sherri asked the court to require "that a professional supervise all future visitation." She also asked for a modification of child support and an award of attorney fees.

Following trial, the district court ordered "all of [Matt's] visits with his children [to] be supervised by an independent professional." The court also ordered Sherri to create a Google calendar and use it to advise Matt of "any school supervised event in which either child is engaged." The court also adjusted child support in

Sherri's favor. Finally, the court ordered Matt to pay court costs as well as $5000 toward Sherri's attorney fees. Matt appeals.

Matt argues the district court improperly reduced his visitation by requiring professional supervision for all visitation. He claims his petition only requested an increase in visitation time; therefore, the district court was precluded from restricting his visitation. We disagree. In its prayer, Matt's modification petition asked the district court to "modify[] his visitation with the children." This boundless language invited the district court to enter any appropriate order concerning visitation. *See In re Marriage of Seward*, No. 18-1690, 2019 WL 1934002, at *2–3 (Iowa Ct. App. May 1, 2019) (concluding the petitioner had "fair notice the visitation provision was potentially at issue given the modification petition's broadly worded prayer" and therefore the district court did not improperly modify the provision sua sponte).

We also note that, months prior to trial, Sherri filed a request for the court to "[o]rder the holiday visitation . . . to be supervised by a professional instead of family members." Likewise, during her testimony at trial, Sherri asked the court to order that "all visitation with Matt . . . be professionally supervised." Matt had clear notice that the district court might grant that request.

Furthermore, based on our de novo review, we find the district court properly modified the terms of visitation. *See* Iowa R. App. P. 6.907 (stating "[r]eview in equity case shall be de novo"). "In order to modify the visitation provisions of a dissolution decree, a party must establish by a preponderance of the evidence there has been a material change in circumstances since the decree, and the requested modification is in the best interests of the children." *In re*

*Marriage of Pont*, No. 11-0383, 2011 WL 3480980, at *3 (Iowa Ct. App. Aug. 10, 2011).

Here, the district court correctly found that the children suffered abuse during a Memorial Day visit at Matt's parents' home when Matt's extended family members were present. The district court then correctly reasoned that the original visitation provisions, which allowed Matt's holiday visitation to be supervised by a family member, had failed to accomplish their purpose of protecting the children. We agree with the district court that requiring professional supervision at all visitations is an appropriate remedy. It will enhance the children's safety and, therefore, advance their best interests. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting a child's safety and need for permanency are the "defining elements" under the best-interest analysis).

Matt also argues the district court improperly considered a DHS report and the testimony of DHS investigator Kelsey Wade. She testified about her investigation of the Memorial Day visit, including her determination that the children were abused during the visit.

In his brief, however, Matt cites no authority suggesting this evidence was inadmissible. Accordingly, we decline to address Matt's argument. Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a

partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").[1]

Matt also claims the district court should not have awarded Sherri $5000 in attorney fees. In a modification action, the district court has "considerable discretion" to award attorney fees. *In re Marriage of Maher*, 596 N.W.2d 561, 568 (Iowa 1999). We find no abuse here. Matt commenced this litigation but Sherri prevailed as to visitation, the parties' central dispute. *See* Iowa Code § 598.36 (2017) (providing that, in a modification proceeding, "the court may award attorney fees to the prevailing party in an amount deemed reasonable by the court"). Moreover, Matt's income far outstrips Sherri's. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006) (noting the district court may consider "the respective abilities of the parties to pay" when determining whether to award attorney fees (quoting *In re Marriage of Guyer*, 522 N.W.2d 818, 822 (Iowa 1994))).

Finally, we note Sherri has requested appellate attorney fees.

> Appellate attorney fees are not a matter of right, but rather rest in this court's discretion. Factors to be considered in determining whether to award attorney fees include: "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal."

*In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005) (quoting *In re Marriage of Geil*, 509 N.W.2d 738, 734 (Iowa 1993)). Considering the parties' income

---

[1] We also decline to address Matt's argument that the original dissolution decree improperly delegated authority to his therapist and the children's therapist to determine whether, at some point, visitation could be conducted without supervision. As Sherri notes, Matt chose not to appeal from the original decree in 2014, when it was entered. He may not pursue that appeal now.

discrepancy and the outcome of this appeal, we conclude Matt should pay $4400 toward Sherri's appellate attorney fees.

**AFFIRMED.**