# IN THE COURT OF APPEALS OF IOWA

No. 19-0679
Filed April 1, 2020

IN RE THE MARRIAGE OF BLAKE ALLEN RIFE
AND JENNIFER HELEN RIFE,

Upon the Petition of
BLAKE ALLEN RIFE,
        Petitioner-Appellant,

And Concerning
JENNIFER HELEN RIFE, n/k/a JENNIFER HELEN CRANE,
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Dickinson County, Nancy L. Whittenburg, Judge.


        Blake Rife appeals the district court's order overruling his petition for modification of certain provisions of his modified decree of dissolution. **AFFIRMED.**


        Steven R. Postolka (until withdrawal) and Stephen F. Avery of Cornwall, Avery, Bjornstad & Scott, Spencer, for appellant.

        Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

This appeals arises out of Blake Rife's petition to modify the decree dissolving his marriage to Jennifer Rife, now known as Jennifer Crane. Blake asserts the district court erred in failing to modify the parties' visitation arrangement as requested, as well as the court's calculation of Blake's child support obligation. Blake also contends the district court erred in ordering him to pay Jennifer's trial attorney fees. Upon our de novo review, we affirm the ruling and award appellate attorney fees to Jennifer.

### I. Background Facts and Proceedings.

Blake and Jennifer married in 2011, and two children were born to the marriage. The marriage was dissolved in April 2016. The court approved the parties' stipulation and agreement and incorporated its terms into the decree.

In the stipulation and agreement, the parties agreed to joint legal custody of their children, with the children placed in Jennifer's physical care. Blake was granted visitation, and a detailed schedule was set out in their agreement. Blake agreed to pay Jennifer monthly child support of $918.

In July 2016, Blake petitioned to modify visitation, and in January 2017, the parties filed a stipulation modifying their decree's visitation provisions. To accommodate their preschooler's schedule, Blake's weekly daytime visitation was moved from Wednesday to Friday. The parties also modified other visitation provisions, such as the holiday visitation schedule. The district court approved the parties' stipulation and modified the original stipulation accordingly.

At the end of July 2018, Blake filed a second petition seeking more modification. Blake asserted there had been a material and substantial change in

circumstances; both of the parties' children were now attending school on a full-time basis, conflicting with his midweek visitation. Blake stated he had sought to work out a new schedule with Jennifer but she refused to make any changes.

The parties' claims over visitation, child support, and trial attorney fees were tried to the court in January 2019. The district court overruled Blake's petition to modify the parties' prior visitation schedule. The court sustained Blake's petition for modification of his child support obligation, finding it should be reduced to $763 per month. The court also sustained Blake's petition related to his obligation of paying seventy-one percent of the children's medical expenses not covered by insurance after Jennifer paid the first $250 of each child's uncovered expenses, lowering the percentage to fifty-one percent. But the court ordered Blake to pay monthly cash medical support of $250 to Jennifer. The court also required Blake pay $3500 to Jennifer for her trial attorney fees.

Blake now appeals.

## II. Scope and Standards of Review.

Actions for modification of child support, legal custody, and visitation orders lie in equity; our review de novo. *See In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006); *Nicolou v. Clements*, 615 N.W.2d 905, 906 (Iowa Ct. App. 1994). "We examine the entire record and decide anew the legal and factual issues properly presented and preserved for our review." *In re Marriage of Wade*, 780 N.W.2d 563, 565-66 (Iowa Ct. App. 2010). We give weight to but are not bound by the district court's findings of fact, and we will only disturb the district court's ruling if it has failed to do equity. *See In re Marriage of Mihm*, 842 N.W.2d 378, 381 (Iowa 2014).

### III.  Discussion.

On appeal, Blake contends the district court erred in denying his petition for modification of visitation.  He also challenges the district court's calculation of his child support and cash medical support obligations.  Finally, he asserts the court erred in awarding Jennifer trial attorney fees.  Jennifer requests an award of appellate attorney fees.

### A.  Modification of Visitation.

A parent seeking a change of custody bears the heavy burden of establishing "by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the [child]'s best interests make it expedient to make the requested change."  *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015) (citation omitted).  But "[a] different, less demanding burden applies when a parent is seeking to change a visitation provision in a dissolution decree."  *In re Marriage of Brown*, 778 N.W.2d 47, 51 (Iowa Ct. App. 2009).  In that situation, the parent need only show "there has been a *material change in circumstances* since the decree and that the requested change in visitation is in the best interests of the [child]."  *Id.* at 51–52 (citation omitted); *see also Smith v. Smith*, 142 N.W.2d 421, 422 (Iowa 1966) ("It seems readily apparent a much more extensive change of conditions would be required to support a change of custody than would be necessary to justify a change of visitation rights.").

Blake asserts there has been a significant change in circumstances since the prior modification.  Blake notes that both children are now attending school. He also states one of the children "has begun exhibiting behavioral issues, which

could be significantly lessened by spending additional time with his father." Finally, Blake claims "Jennifer's refusal to come to terms with Blake on issues concerning visitation suggest that a more stable visitation plan is desirable, and would alleviate or prevent future conflicts."

Upon our de novo review of the record, we agree with the district court's conclusion—Blake failed to show there had been a significant change in circumstances since the first modification. The first modification was made to accommodate the older child's school schedule. Full-time schooling for both children was on the horizon and within the parties' contemplation when the first modification was made. This is not a material change of circumstance.

Blake's other two asserted "changes" are unsupported by record evidence. There is no evidence in the record to support Blake's self-serving opinion that the child's behavioral issues—if there are any—would be cured by additional time with Blake. Similarly, Blake's suggestion that Jennifer's actions evidence a change in circumstance to support modifying the visitation schedule is simply that—a suggestion. Both Blake and Jennifer agreed to the first modified schedule, and the district court accepted the schedule. There is no claim Jennifer has violated the schedule. While we encourage parents to work together to make accommodations as necessary, that does not require Jennifer to accept Blake's requested modifications.

Upon our review, we agree with the district court that Blake failed to show the material change of circumstances necessary to support modification of the existing visiting schedule agreed upon by the parties. We therefore find no error

in the district court's ruling overruling Blake's petition to modify the visitation schedule and affirm the issue.

### B. Child Support.

"In Iowa, child support is calculated using the child support guidelines." *In re Marriage of Erpelding*, 917 N.W.2d 235, 245 (Iowa 2018); *see* Iowa Code § 598.21B (2018); Iowa Ct. R. 9.2. "The purpose of the guidelines is to provide for the best interests of the children by recognizing the duty of both parents to provide adequate support for their children in proportion to their respective incomes." Iowa Ct. R. 9.3(1).

"To compute the guideline amount of child support," the district court must first compute the adjusted net monthly income of each parent. Iowa Ct. R. 9.14. That amount is ascertained by first determining each parent's gross monthly income and then subtracting specified taxes and deductions. *See* Iowa Ct. R. 9.14(1). Gross monthly income is the "reasonably expected income from all sources." Iowa Ct. R. 9.5(1). "Gross income from self-employment is self-employment gross income less reasonable business expenses." Iowa Ct. R. 9.5(1)(c).

"A court must determine the parent's monthly income from the most reliable evidence presented." *In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991). "All income that is not anomalous, uncertain, or speculative should be included when determining a party's child support obligations." *In re Marriage of Nelson*, 570 N.W.2d 103, 105 (Iowa 1997). "[T]he burden is on the recipient of the income to establish that it should be excluded from gross income as uncertain and speculative." *Markey v. Carney*, 705 N.W.2d 13, 19 (Iowa 2005).

Child-support obligations can be modified if "there is a substantial change in circumstances." Iowa Code § 598.21C(1). To determine whether a substantial change in circumstances has occurred over the child-support obligation, the court must consider factors, including "changes in a party's employment or income." *Mihm*, 842 N.W.2d at 381. Additionally, a "substantial change of circumstances exists when the court order for child support varies by ten percent or more from the amount which would be due pursuant to the most current child support guidelines established pursuant to section 598.21B." Iowa Code § 598.21C(2)(a). The court must also "examine the factors in conjunction with several 'other well-established principles governing modification.'" *In re Marriage of Michael*, 839 N.W.2d 630, 636 (Iowa 2013) (quoting *In re Marriage of McCurnin*, 681 N.W.2d 322, 329 (Iowa 2004)). These principles include "[t]he party seeking modification . . . bears the burden of establishing by a preponderance of the evidence the substantial change in circumstances," the "substantial change justifying a modification must be permanent or continuous rather than temporary in nature," and "the substantial change must not have been within the contemplation of the district court when the decree was entered." *Id.*

On appeal, Blake asserts the district court miscalculated his income when it included in its income determination that Blake received $3000 per month from his parents. Blake contends the court misunderstood his testimony and that income was already accounted for on his business tax returns. Jennifer points out that Blake's own testimony stated he received that amount from his parents monthly, and she maintains the court's overall determination that Blake's gross income was $60,000 per year was within the range of evidence presented at trial.

Upon our de novo review of the record, we find the district court's gross-income determination to be within the range of permissible evidence. *Cf. In re Marriage of Keener*, 728 N.W.2d 188, 194 (Iowa 2007) ("A trial court's valuation will not be disturbed when it is within the range of evidence.").

Blake testified he owned a small share of his parents' business, Rife Farms, LLC. Blake testified his parents paid him "for the labor of the improvements that . . . they make to the farm." Asked how much of his income was paid by his parents in 2018, Blake answered, "I get $3000—they paid me $3000 or so a month. But some of that has to go into my day-to-day operations too on the farm." Blake testified that amount was accounted for in the farm business's "custom hire" income. Blake maintained his only income was that he paid himself out of the business account of about $2000 per month. He provided nothing to support that figure except his own testimony and an "Agricultural Balance Sheet" from his bank for his business, "Farm Solutions Inc." The balance sheet reported $848,653 in assets and $402,764 in total liabilities, leaving a total equity of $445,889. He had not filed his 2018 taxes yet, so he provided no other current income documents. He agreed he reported a total business loss of $35,215 in 2017, but he could not say where on the profit or loss schedules his salary was reported.

The district court explained how it determined Blake's income:

When the divorce was filed, Blake was farming and teaching school, but by the time the divorce was finalized he had transitioned to full-time farming. At trial, Blake testified that he pays himself $2000 per month salary from his farming operation, receives $3000 a month from his parents to manage Rife Farms LLC, receives $400 a month from the Evans Stock Farm for management services, however, that farm was recently sold and he does not expect to continue to receive that income, and he also receives income from custom baling for neighbors but did not specify the amount of that income. On this

evidence alone, Blake earns in excess of $5000 gross income per month (no testimony identified the amount of income Blake earns from custom baling so the court is unable to include that income in the court's computation of Blake's gross annual income) or nearly $2000 more in gross income then he earned in 2016 when the decree was entered. On this evidence, the court finds that Blake's gross annual earnings are $60,000.

There is no dispute of a substantial change of circumstances in Blake's income. But Blake's trial evidence about his gross income was scant. Only his self-serving testimony supported his claim that he paid himself a low monthly salary amount from his business. Blake's personal and business tax returns do not specifically account for a paid salary from the business. He did not provide something like a bank statement showing a regular deposit of money from his farm account to his personal account as a salary. He did not have his accountant explain his tax filing and accounting. Without this, there is insufficient evidence to support Blake's claim he was only earning $30,000 per year.

Gross income from self-employment is self-employment gross income less reasonable business expenses. *See* Iowa Ct. R. 9.5(1)(c). Blake's farm business, despite the report of overall losses, was making some profits. Many of his expenses, while valid for tax purposes, were paid to his parents' business. He rented farmland, his house, and equipment, among other things, from his parents' business. They in turn paid his business for some of his labor. Ultimately, there was money coming in and going out, and the amount Blake kept as a salary or other income is unclear. Given Blake's inability to explain how his salary is accounted for within his business's tax returns, we cannot say the court's inclusion of $3000 per month for an amount Blake testified his parents were paying to him and the business was in error. The burden was on Blake to establish that amount

was a reasonable business expense. Because nothing can be separated out and Blake provided no evidence to do so, we find the district court's determination that Blake's annual gross income was at least $60,000 was well within the range of evidence. So we will not disturb it or the modified child-support award and affirm on this issue.

### C. Trial Attorney Fees.

Blake challenges the district court's award of attorney fees in favor of Jennifer in the amount of $3500. "We review this award for an abuse of discretion." *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). The "abuse of discretion" standard is our most deferential standard of review. *See State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). "Trial courts have considerable discretion in awarding attorney fees." *In re Marriage of Witten*, 672 N.W.2d 768, 784 (Iowa 2003) (quoting *In re Marriage of Guyer*, 522 N.W.2d 818, 822 (Iowa 1994)). The fees must be fair and reasonable and whether they should be awarded depends on the respective abilities of the parties to pay. *See id.*

Upon our de novo review, we cannot say the district court abused its discretion in its attorney fee award. The court considered the requisite factors. We therefore affirm the award of attorney fees.

### D. Appellate Attorney Fees.

Finally, Jennifer requested an award of appellate attorney fees of $11,880. An award of appellate attorney fees is not a matter of right but rests within this court's discretion. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). In determining whether to award attorney fees, we consider the needs of

the party making the request, the ability of the other party to pay, and whether the party making the request had to defend the district court's decision on appeal. *Id.*

In consideration of these factors, we award appellate attorney fees to Jennifer of $5000. Any costs on appeal are assessed to Blake.

### IV. Conclusion.

Upon our de novo review of the record, we agree with the district court that Blake failed to prove there was a material change in circumstances to warrant modification of the parties' previously modified visitation schedule. We also find the district court's determination of Blake's annual gross income was within the range of permissible evidence presented at trial, and we will therefore not disturb it. We find no abuse in discretion by the district court's award of trial attorney fees to Jennifer. Finally, we find Blake should pay to Jennifer a $5000 award of appellate attorney's fees. We affirm on all issues.

**AFFIRMED.**