# IN THE COURT OF APPEALS OF IOWA

No. 17-1919
Filed June 17, 2020

**LAWRENCE LARRY McCOY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

Lawrence McCoy appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Doyle and May, JJ.

**MAY, Judge.**

Lawrence McCoy appeals the summary dismissal of his second action for postconviction relief (PCR). We affirm.

McCoy was convicted of first-degree murder and willful injury for the 2002 killing of Jonathan Johnson. In 2003, this court affirmed his conviction. *State v. McCoy*, No. 02-1516, 2003 WL 22899507, at *1 (Iowa Ct. App. Dec. 10, 2003). Procedendo issued soon after.

McCoy then filed his first PCR action. The district court denied relief. *McCoy v. State*, No. 09-326, 2010 WL 1578780, at *1 (Iowa Ct. App. Apr. 21, 2010). This court affirmed. *Id.* at *4.

In 2010, McCoy filed this case, his second PCR action. He claims newly discovered evidence entitles him to relief. The State moved for summary disposition citing Iowa Code sections 822.3 and 822.8 (2010). In a detailed ruling, the district court granted the State's motion and dismissed McCoy's application.[1] McCoy appeals.

"We generally review postconviction proceedings, including summary dismissals of [PCR] applications, for errors at law." *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018).

> Applying summary judgment principles, summary disposition is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." The moving party bears the burden of showing that no material fact exists. We view the record in the light most favorable to the nonmoving party. We also draw all legitimate inferences from the evidence in favor of the nonmoving party.

---

[1] Iowa Code section 822.6 authorizes summary dismissal of PCR applications.

*Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018) (citations omitted).

On appeal, McCoy claims summary disposition was incorrect for three reasons. First, he claims there is a fact question as to whether the State committed a *Brady* violation[2] by failing to disclose important details of a witness's juvenile record, namely, that the record included offenses involving violence and dishonesty. McCoy notes "crimes of dishonesty would be . . . impeachable." Moreover, McCoy contends, "the violent juvenile offenses would have aided [his] defense because" his trial strategy was that the witness was involved in the murder.

But as the State points out, McCoy failed to preserve error on this claim. It is true the district court determined McCoy "w[as] well aware of" the witness's "juvenile record at the time of both the underlying criminal trial and" McCoy's first PCR action. But the court did not address McCoy's claim regarding acts of dishonesty or violence by the witness.[3] Nor did McCoy request an expanded ruling. So this claim was not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. . . . When a district court fails to rule on an issue

---

[2] To establish a *Brady* violation occurred, McCoy would have to "prove by a preponderance of the evidence '(1) the prosecution suppressed evidence; (2) the evidence was favorable to [McCoy]; and (3) the evidence was material to the issue of guilt.'" *DeSimone v. State*, 803 N.W.2d 97, 103 (Iowa 2011) (quoting *Harrington v. State*, 659 N.W.2d 509, 516 (Iowa 2003)).

[3] The district court's ruling on this issue appears at pages six through nine of its order.

properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." (citations omitted)).

So we turn to McCoy's two preserved claims. McCoy contends there are fact questions as to whether the State failed to disclose an agreement with a witness to discharge his juvenile delinquency cases in exchange for his testimony. And McCoy contends there are fact questions as to whether the State improperly fed the witness coerced statements from another defendant to serve as a basis for his testimony.

Before addressing the substance of McCoy's claims, we must address two statutory limitations on PCR actions. Iowa Code section 822.3 provides PCR "applications must be filed within three years from the date of the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

McCoy filed this current PCR application well beyond the three-year period contemplated by section 822.3. But McCoy provides us no reason to believe he could not have raised his claims within the required period.

Moreover, section 822.8 provides:

All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Again, McCoy provides us no explanation as to why he did not raise his current claims in his first PCR action. To the contrary, the State has provided a report from the private investigator McCoy retained during his first PCR action. It shows that McCoy's investigator interviewed the witness at issue and, indeed, inquired whether the witness was promised anything in exchange for his testimony. And the witness's credibility was at issue in McCoy's first PCR action. *See McCoy*, 2010 WL 1578780, at *2. So we see no reason why McCoy's present claims were not brought in his first PCR action.

Because McCoy failed to bring his claims both within the three-year limitations period and in his first PCR action, sections 822.3 and 822.8 required dismissal. But even without those statutory bars, no fact question stood in the way of summary disposition.

In support of its motion, the State provided affidavits from the prosecuting attorney, the assigned police detective, and an investigating police officer. They all testified (1) the witness was not promised anything in exchange for his testimony and (2) the witness was not used as a "strawman witness" to testify to the statements made by another defendant. The State also provided a statement signed by the witness. He stated (1) he had no agreement to testify in exchange for a favorable disposition of his juvenile cases and (2) he was not told what to testify to other than the truth. Finally, the State provided an affidavit from the witness's juvenile court officer stating the witness did not receive favorable dispositions of his juvenile cases in exchange for his testimony.

Although McCoy filed a resistance to the State's motion, he could not rebut the State's evidentiary showing. On our review, the record contains no evidence

suggesting the State manipulated the witness's testimony at all. *Cf. Castro v. State*, 795 N.W.2d 789, 795–96 (Iowa 2011) (noting the petitioner's allegations, without supporting evidence, "were insufficient to withstand summary adjudication under the circumstances").

But McCoy argues that, because the witness's statement was not notarized, one could infer that the statement is false or was prepared by someone else entirely. This, McCoy suggests, is enough to create a fact issue.

We disagree. In our view, McCoy's proposed inferences are no more than speculation. And speculation cannot prevent summary disposition. *McGee v. State*, No. 07-1516, 2008 WL 4531417, at *3 (Iowa Ct. App. Oct. 1, 2008).

At the same time, we do not ignore the statement's lack of a notary certification. Because the statement is neither notarized nor certified under penalty of perjury, we do not treat it as part of the record. *See Susie v. Family Health Care of Siouxland, P.L.C.*, No. 17-0908, 2018 WL 5848998, at *8 (Iowa Ct. App. Nov. 7, 2018) (McDonald, J., dissenting), *majority vacated* 942 N.W.2d 333 (Iowa 2020). We treat it as "a nullity." *See Eagleman v. Diocese of Rapid City*, 862 N.W.2d 839, 851 n.3 (S.D. 2015) ("For summary judgment purposes, an unsigned and unsworn affidavit is a nullity."). As a result, the statement cannot support any factual inferences—including any inference of wrongdoing by the State. So, again, it cannot preclude summary disposition.

The district court was correct in dismissing McCoy's PCR application.

**AFFIRMED.**

Doyle, J., concurs; Vaitheswaran; P.J., concurs specially.

**VAITHESWARAN, Presiding Judge** (concurring specially)

I specially concur. I, too, would affirm the summary dismissal of McCoy's postconviction-relief application under Iowa Code section 822.3 (2010). I would find it unnecessary to address section 822.8, which presumes a timely filed application. *See Wilkins v. State*, 522 N.W.2d 821, 823 (Iowa 1994).