In re the **MARRIAGE OF Marietta Walker BOLICK and William Campbell Bolick.**

**Upon the Petition of**

**Marietta Walker Bolick, Appellee,**

**and Concerning**

**William Campbell Bolick, Appellant.**

**No. 94–1284.**

Supreme Court of Iowa.

Oct. 25, 1995.

Rehearing Denied Nov. 17, 1995.

Nathan A. Callahan of Dunakey, Klatt & Callahan, P.C., Waterloo, for appellant.

Jay A. Nardini of Ball, Kirk, Holm & Nardini, P.C., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

NEUMAN, Justice.

This appeal concerns a trial court order increasing the child support payable by ap-

pellant William Bolick from $1200 to $2000 per month. Bolick argues the trial court erred in finding a substantial change of circumstances justifying an increase under Iowa Code section 598.21(9) (1993). Bolick further argues that the trial court erred in denying his posttrial request for discovery. Marietta Poe, formerly Marietta Bolick, cross-appeals. She claims the trial court should have made the increase retroactive to May 1993, and also that Bolick should be required to pay her attorney fees. We affirm as modified on the appeal, and reverse in part and affirm in part on the cross-appeal.

William and Marietta Bolick's marriage was dissolved in December 1987. They are the parents of three children—Allison, Elizabeth, and William—who were ages ten, seven, and four, respectively, at the time of the divorce. The children were placed in the joint custody of their parents; Poe has primary physical care. Pursuant to a stipulation incorporated into the decree, Bolick was ordered to pay $400 per month per child in support until the children were either emancipated or no longer qualified for support. Bolick also agreed to pay $1300 per month in alimony until Poe either died or remarried.

Bolick is a dentist in Waterloo. His yearly gross income during the years since the decree ranged from approximately $89,500 to $115,000. The trial court found that his current net monthly income is $6081.50. Poe's net monthly income from part-time employment is $686. These figures do not represent a significant change from the parties' earnings at the time of the decree.

Bolick has remarried and his second wife earns a yearly salary of approximately $22,000. Poe has also remarried. Her husband earns approximately $94,000. He pays a significantly larger amount in child support and alimony to his first wife than does Bolick. Upon Poe's remarriage, Bolick discontinued paying her alimony.

In May 1993, Poe petitioned for modification of the child support award pursuant to Iowa Code sections 598.21(8) and (9). She claimed that Bolick's child support obligation deviates by more than ten percent from the amount then authorized under the child support guidelines. This deviation, she argued, created a substantial change in circumstances warranting a modification. The trial court agreed and increased Bolick's child support payments from $1200 to $2000 per month.

Bolick appeals, claiming the trial court erred in (1) finding that a substantial change in circumstances under Iowa Code section 598.21(9) exists to warrant a modification, and (2) denying Bolick's posttrial motion for discovery to challenge assertions made by Poe at trial. On cross-appeal, Poe claims the trial court erred by (1) not making the increase in child support retroactive to May 10, 1993, the date on which the notice of the modification petition was served, and (2) not awarding Poe her reasonable attorney fees.

This modification action was tried in equity. Therefore, our review is de novo. Iowa R.App.P. 4. We give weight to the trial court's factual findings but are not bound by them. *In re Marriage of Guyer*, 522 N.W.2d 818, 820 (Iowa 1994).

I. Iowa Code section 598.21(8) states that child support orders may be modified where there has been a "substantial change in circumstances." Section 598.21(9) provides that a substantial change in circumstances exists when the court-ordered child support award deviates by ten percent or more from the amount that would be due pursuant to the most current child support guidelines. The controversy before us centers on the correlation of these two statutes.

As already noted, the trial court calculated Bolick's net monthly income at the time of the petition at $6081.50. The child support guidelines then in effect provided that when the noncustodial parent's net monthly income is $3001 or more, the amount awarded in child support rests within the sound discretion of the trial court. *See* Iowa Child Support Guidelines (December 31, 1990). In no event, however, may the award be less than the guidelines amount for a noncustodial parent with a monthly net income of $3000. Under this rule, Bolick's minimum support obligation would be $1152. Because he pays a greater sum—$1200 per month—Bolick argues his current obligation does not deviate by ten percent or more from the amount

which he would owe pursuant to the child support guidelines.

Poe counters that within the discretionary range of the guidelines, a petition brought pursuant to section 598.21(9) requires the court to determine anew the amount it would order for child support and then compare that figure to the support actually being paid. If the amount varies by ten percent or more, she argues, a substantial change has occurred. This was the procedure followed by the trial court here.

■ We believe that the trial court misapplied section 598.21(9) based on the record before it. Within the discretionary range of the guidelines, the modification authorized here amounts to no more than a substitution of one judge's discretionary call for another's. Principles of res judicata prevent such relitigation of issues once decided. *Guyer*, 522 N.W.2d at 821. Thus we hold that within the discretionary range of the child support guidelines, a court may not revisit the wisdom of an earlier award based solely on an alleged ten percent deviation from what *could* be due if a new calculation were performed.

■ On our de novo review, however, we are obliged to apply the most current guidelines. *State ex rel. Epps by Epps v. Epps*, 473 N.W.2d 56, 57 (Iowa 1991). The current guidelines raised the figure at which the amount payable becomes discretionary from $3001 to $6000. Iowa Child Support Guidelines (July 1, 1995). Within this nondiscretionary range, Bolick's current obligation would be $2000 per month. This figure varies by more than ten percent from the amount payable by Bolick under the decree. Thus this record would support a finding of substantial change in circumstances under Iowa Code section 598.21(9) from and after July 1, 1995.

II. Bolick argues alternatively that a finding of substantial change in circumstances will not warrant a modification here because the trial court could have contemplated such a change in the parties' circumstances when the original decree was entered. *See In re Marriage of Feustel*, 467 N.W.2d 261, 263 (Iowa 1991) (support

amount will not be modified if change in circumstances was within the contemplation of the court when the decree was entered). Bolick asserts that Poe's primary basis for seeking an increase—that the expense of raising their now teen-aged children has increased dramatically since the original order—was within the contemplation of the trial court at the time of the dissolution decree. Therefore, Bolick argues, the modification is unwarranted. We disagree.

■ In both initial support orders, as well as modifications, the trial court has wide discretion to determine the appropriate amount payable by the noncustodial parent. *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983). Courts may consider several factors in making this judgment, including the parties' economic circumstances and ability to pay support, *In re Marriage of Fleener*, 247 N.W.2d 219, 221 (Iowa 1976); the needs of growing children, *In re Marriage of Stutsman*, 311 N.W.2d 73, 76 (Iowa 1981); and the effect of inflation. *Id.* The trial court weighed these factors in making the modification. Moreover, the record establishes that, based upon his income, Bolick can pay the increased support amount.

We conclude the trial court's decision promotes the dual objectives of child support— to provide for the children's best interests while doing justice between the parties. *See* Iowa Child Support Guidelines; *In re Marriage of Lalone*, 469 N.W.2d 695, 697 (Iowa 1991). Therefore, we find no abuse in the trial court's decision to increase Bolick's child support payments as modified by division I.

■ III. Shortly after the trial court issued its modification decision, Bolick filed a motion to reconsider under Iowa Rule of Civil Procedure 179(b). He claimed insufficient evidence existed to support the court's increase in child support. Hearing on the motion was delayed five months. In order to bolster his contention at the hearing, Bolick served Poe with requests for admission and production pursuant to Iowa Rules of Civil Procedure 127 and 129. The trial court sustained Poe's refusal to respond to the requests on the ground the record had already

been made at trial. Bolick assigns error to this ruling on appeal.

A trial court is vested with wide discretion in ruling on discovery matters. *Pierce v. Nelson,* 509 N.W.2d 471, 473 (Iowa 1993). Reversal is justified only where the district court is shown to have abused that discretion. *Farnum v. G.D. Searle & Co.,* 339 N.W.2d 384, 389 (Iowa 1983).

Bolick asserts that the information he sought posttrial was directly related to Poe's modification claims and, therefore, his request should have been granted. The contention is groundless. Motions under rule 179(b) are permitted so that courts may enlarge or modify findings based on evidence already in the record. They are not vehicles for parties to retry issues based on new facts. *See, e.g., Osborne v. Iowa Natural Resources Council,* 336 N.W.2d 745, 747 (Iowa 1983) (179(b) motions limited to decisions in which district court made a determination of fact). Correspondingly, rules 127 and 129 apply to actions pending trial, not posttrial motions.

Bolick had ample opportunity at trial to offer testimony in support of his argument. He merely failed to take advantage of the opportunity. The trial court did not abuse its discretion in refusing his request to do so posttrial. No ground for reversal appears.

IV. Poe claims on cross-appeal that the trial court erred in making the increase in support payments retroactive to July 1993, not May 1993 when she filed her petition. She also asserts the court erred by failing to award her attorney fees.

Iowa Code section 598.21(8) permits modification of child support awards retroactive "to the date on which the notice of the pending petition for modification is served on the opposing party." The statute is consistent with the rule at common law. *See Willcox v. Bradrick,* 319 N.W.2d 216, 219 (Iowa 1982) (citing *Spaulding v. Spaulding,* 204 N.W.2d 634, 636 (Iowa 1973)). As already noted in division I, however, no basis existed for a modification under section 598.21(9) until July 1, 1995. Thus Poe cannot prevail on this portion of her cross-appeal.

Turning to attorney fees, section 598.36 permits the trial court discretion to compensate the prevailing party in modification proceedings for this expense. The award depends upon the party's ability to pay, *Guyer,* 522 N.W.2d at 822, whether the party resisting the modification petition was successful, *In re Marriage of Stanley,* 411 N.W.2d 698, 702 (Iowa App.1987), and whether the party has been obliged to defend the trial court's decision on appeal. *Guyer,* 522 N.W.2d at 822. All these factors favor Poe. Bolick's monthly earnings are nearly ten times hers. No reason for refusing Poe's request appears in the record. We therefore reverse the trial court on this issue.

V. *Disposition.*

We remand to the district court for an order modifying Bolick's monthly child support obligation upwards from $1200 to $2000 retroactive to July 1, 1995. We also direct the court to enter a judgment in favor of Poe for attorney fees of $1500 at trial and $2000 on appeal. Costs on appeal shall be shared equally by the parties.

**AFFIRMED AS MODIFIED ON APPEAL, REVERSED IN PART AND AFFIRMED IN PART ON CROSS-APPEAL, AND REMANDED.**