In re the **MARRIAGE OF Christine L. SHIVERS f/k/a Christine L. Ellwanger and Mark L. Ellwanger.**

Upon the Petition of **Christine L. Shivers f/k/a Christine L. Ellwanger, Petitioner–Appellee,**

**And Concerning**

**Mark L. Ellwanger, Respondent–Appellant.**

No. 95–0172.

Court of Appeals of Iowa.

Nov. 27, 1996.

Joseph A. Nugent, West Des Moines, for appellant.

John P. Roehrick of Roehrick, Hulting, Moisan, Blumberg & Kirlin, P.C., Des Moines, for appellee.

Heard by HABHAB, P.J., and CADY and VOGEL, JJ.

HABHAB, Presiding Judge.

Christine and Mark Ellwanger [1] were married March 26, 1983 and have two daughters, Stephanie, born October 2, 1985, and Brooke, born November 17, 1989. The parties' seven-year marriage was dissolved in January 1990. The original divorce decree granted the parties joint legal custody of Stephanie and Brooke. Christine was awarded primary physical care and Mark was granted liberal and reasonable visitation. Mark was also ordered to pay child support in the amount of $420 per month initially and then $350 per month when Brooke became eighteen months old.

In August 1991, the child support provisions of the original decree were modified. The court found Mark's earning capacity had increased to $1216 per month. Christine's earning capacity was determined to be $775 per month. At the time of the modification action, Mark was unemployed. Christine was pregnant and was assisting her new husband with their farm operation. Mark's child support obligation was increased from $350 to $391.50 per month.

In July 1994, Christine filed a modification petition requesting an increase in child support and reallocation of the tax exemptions for the children. Mark countered, seeking abatement of his support obligation during his summer visitation with the children. Mark was employed and earning a gross monthly income of $2450. His net monthly income for guideline purposes was $1837. In arriving at this amount, the trial court took into consideration his two dependent children for whom he pays support and his other allowable deductions. Christine was also employed and earning a net monthly income in excess of $1000.

Through discovery and at trial Mark requested that Christine disclose the amount of a settlement she received as a result of a lawsuit. In her reply to Mark's requests, Christine maintained that as the terms of the settlement were confidential, she would be unable to disclose the amount of the settlement. The trial court held that as Christine conceded her net monthly income for child support guideline purposes exceeded $1000

per month, she was not required to divulge the specific amount of the settlement. It did not rule on whether the confidentiality of that settlement would continue to apply in the modification action.

At the time of trial, Mark also sought to introduce evidence pertaining to the income of Christine's present husband, Larry. The record reflects Larry earns a little over $400 per month driving a school bus. At the time of trial, Larry was going through bankruptcy proceedings. The trial court found that further inquiry as to Larry's income was irrelevant for at the time Mark attempted to offer the evidence, Christine withdrew her claim for reallocation of the income tax exemptions.

The trial court found there had been more than a ten percent deviation between the child support amount assessed under the guidelines in 1991 and the current assessment of $551. However, the court expressly noted there were unusual circumstances which warranted deviating from the $551 guideline amount. The court found Mark's disposable income, even when combined with Tammy's, did little more than meet their monthly expenses. The court also took note of the travel expenses Mark was incurring through his recent employment in the Des Moines area. As a result of the respective income and expenses of the parties, the trial court deviated from the guidelines and downwardly adjusted Mark's support obligation from $551 per month to $500 per month. The trial court also noted the mere fact of the unique interrelationship between the children and the parties did not change the general applicability of the child support guideline rules.

Mark appeals. He argues the district court erred in sustaining Christine's objection to his question by ruling the information related to her settlement was not relevant. Mark also contends the court erred in prohibiting him from establishing the amount of Larry's income by ruling it to be irrelevant. He claims the trial court erred in failing to find the unique relationship between the parties justified a full financial disclosure and a

1. The present spouses of Mark and Christine were formerly married to one another. Mark's present wife, Tammy, has primary physical care of Christine's stepchildren, Paige and Travis.

further deviation from the guidelines. Mark further claims the district court failed to properly assess the "need" of his current family in determining the amount of deviation from the guidelines. Finally, Mark contends his child support obligation should be abated in full during summer visitation.[2]

■ Our scope of review in this case is de novo. Iowa R.App. P. 4. We have the duty to examine the entire record and adjudicate anew the equity between the parties. *In re Marriage of Stepp*, 485 N.W.2d 846 (Iowa App.1992). Mark contends the trial court improperly excluded evidence regarding Christine's settlement as well as certain details of Larry's income. Mark maintains this evidence is relevant and should have been considered in determining his support obligation. Appellee concedes in its brief that error has been preserved as to these issues.

■ We agree with Mark the trial court should not have precluded him from making inquiry as to Christine's total assets and income. This modification action was tried and submitted on November 5, 1994, and the decree was filed on November 21, 1994. Christine argues that as she stipulated her net monthly income exceeded $1000 and as Mark's net monthly income was $1800, any additional income she might have becomes irrelevant, for the maximum thirty percent of net income for two children comes into play under the then-existing child support guidelines. This argument would only be true as long as her net monthly income does not exceed $3000, for under the guidelines existing at the time of the modification, if her net monthly income equaled "$3001 and over," the guidelines provide, "[i]n this range, the appropriate figure is deemed to be within the sound discretion of the court...." Iowa Court Rules, Child Support Guidelines, p. 523 (1994). With this quoted provision of the guideline before us, we conclude that until the court has before it, by way of competent testimony, Christine's entire assets and her

net monthly income, it is unable to exercise its "sound discretion" as called for. In addition, and of equal importance, when determining the appropriate level of child support, we apply the guidelines in effect at the time of appeal. *See In re Marriage of Bolick*, 539 N.W.2d 357, 360 (Iowa 1995); *see also In re Marriage of Brown*, 487 N.W.2d 331, 333 (Iowa 1992); *and see In re Marriage of Bergfeld*, 465 N.W.2d 865, 870 (Iowa 1991). We therefore set aside that part of the trial court's modification decree which fixed the level of child support. We remand this matter for further testimony on this issue.

■ We also agree with Mark that he should be permitted to inquire into the income and assets of Larry. In doing so, we agree with Christine that in determining the parents' net monthly incomes, we do not consider the income of spouses. We apply the table based on the net monthly income of each spouse. *State ex rel. Reaves v. Kappmeyer*, 514 N.W.2d 101 (Iowa 1994). However, although other familial obligations (and assets) do not automatically justify a departure from the guidelines, they are factors to be taken into consideration when determining whether the guidelines should be deviated from and whether the court, in fixing support, has achieved justice between the parties. *Id.* at 105; *see State ex rel. Nicholson v. Toftee*, 494 N.W.2d 694 (Iowa 1993).

We note from the record Christine takes the position she is unable to reveal the terms of the settlement of her lawsuit because of the confidentiality of her settlement agreement. Whether the terms of that settlement somehow retain their confidentiality in these proceedings we need not address, for that issue was not ruled on by the trial court nor has it been preserved for appellate purposes.

If on remand the confidentiality question arises, the trial court will have to make its own determination as to the merits of that argument. However, on remand, if Chris-

---

**2.** Pursuant to a rule 179(b) motion, the district court ruled on Mark's claim for abatement of his support obligation during his summer visitation. The court reduced Mark's child support by one-half during his summer visitation. In doing so, the court found that such a reduction was war-

ranted considering the length of the visitation (six weeks) and Christine's minimal housing expense. Appellee does not challenge this ruling on appeal. We affirm this portion of the trial court's decree.

tine's financial affidavit does not reflect her entire assets, it must be amended so as to comply with existing law. The financial statement does not require the original source of the "cash and bank accounts" and "other assets," but it does require a complete itemization of the same, along with market and net value.

We reverse that part of the trial court's decree which fixed the level of child support and remand for further hearing and determination of that issue consistent with this ruling. We affirm the other provisions of the trial court's decree. We do not retain jurisdiction.

REVERSED IN PART; AFFIRMED IN PART; AND REMANDED WITH DIRECTIONS.