# IN THE COURT OF APPEALS OF IOWA

No. 14-1803
Filed October 28, 2015

**CITY OF BURLINGTON, IOWA,**
    Petitioner-Appellee,

**vs.**

**SUSAN RHODES as Trustee of the MARJORIE G.
STOIKOVIC TRUST Dated October 10, 2005; et al,**
    Respondents,

**and**

**BANK OF AMERICA,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Cynthia H. Danielson, Judge.


A bank appeals the district court's denial of its motion to set aside a default judgment. **AFFIRMED.**


Jason D. Bahnsen of SouthLaw, P.C., West Des Moines, for appellant.

W. Scott Power of Aspelmeier, Fisch, Power, Engberg & Helling, P.L.C., Burlington, for appellee.


Considered by Vogel, P.J., and Doyle and Tabor, JJ.

**VOGEL, Presiding Judge.**

The property in question was owned by Marjorie Stoikovic, who died on April 9, 2011. Marjorie had executed a note and mortgage on her property in favor of Bank of America (the Bank) in 2009. When she died, the property fell into disrepair, and the City of Burlington (the City) received numerous complaints about the condition of the property from neighbors. After posting signs and completing necessary maintenance, the City filed a Petition to Award Title to Abandoned Property on December 18, 2013, and served the appropriate parties. When no party answered the petition, the court granted the City title to the property. The Bank filed a motion to set aside the default judgment, which the district court denied after finding no good cause existed based on the Bank's assertion of excusable neglect. The Bank appeals the district court's denial of its motion to set aside a default judgment in favor of the City.

**I. Motion to Dismiss Appeal.**

As an initial matter, the City maintains that this appeal should be dismissed because the Bank did not timely file the notice of appeal. The district court's order awarding title of the property to the City was filed May 12, 2014. Sixty days later, the Bank filed its motion to set aside the default. *See* Iowa R. Civ. P. 1.977 (requiring a motion to set aside a default judgment to be filed no more than sixty days after entry of the judgment). The court held a hearing on the motion to set aside and denied it on August 26, 2014. Thereafter, the Bank filed a "Combined Motion to Enlarge Findings and Motion to Vacate Judgement" on September 5, 2014. *See* Iowa Rs. Civ. P. 1.904(2) (requiring a motion to enlarge be filed within the time for filing a motion for a new trial), 1.1007 (noting a

motion for a new trial must be filed within fifteen days of the filing of the decision). After the court denied this motion on September 30, the Bank filed its notice of appeal on October 29, 2014. *See* Iowa R. App. P. 6.101(1)(b) (requiring a notice of appeal to be filed within thirty days after the filing of a ruling on a motion to enlarge or amend).

The notice of appeal was filed within thirty days of the court's denial of the 1.904(2) motion; however, only a timely and procedurally proper motion under rule 1.904(2) extends the deadline for filing a notice of appeal to thirty days after the ruling on the motion. *See McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 525 (Iowa 2015). If the motion in this case was improper, it fails to toll the time for filing the notice of appeal and deprives this court of subject matter jurisdiction. *See id.*

The district court denied the 1.904(2) motion finding the motion did not present unresolved issues but was "merely the same issues with new labels, new evidence, and new legal theories." The court noted it fully addressed the original two claims that were made in the motion to set aside the default judgment based on the evidence presented and the Bank was attempting to reargue those points in the 1.904(2) motion by "presenting new evidence that was not submitted at the original hearing" including almost forty pages of new exhibits. In addition, the Bank presented new legal claims attacking the default judgment and abandonment decree that were not previously made at the original hearing on the motion to set aside. The court found no claim in the 1.904(2) motion that indicated the court failed to address a previously presented argument in its decision on the motion to set aside; instead, the court determined it was simply

"an attempt to retry the issues originally presented based on new evidence that it now wishes to submit." The court stated that if the Bank disagreed with the court's application of the facts to the law, the appropriate remedy was an appeal.

The purpose of filing a 1.904(2) motion is "to advise counsel and the appellate court of the basis of the trial court's decision in order that counsel may direct his attack upon specific adverse findings or rulings in the event of an appeal." *Johnson v. Kaster*, 637 N.W.2d 174, 182 (Iowa 2001). Motions under rule 1.904(2) "are permitted so that courts may enlarge or modify findings based on evidence already in the record. They are not vehicles for parties to retry issues based on new facts." *In re Marriage of Bolick*, 539 N.W.2d 357, 361 (Iowa 1995). A motion under rule 1.904(2) may concern factual disputes or legal conclusions, but it should not amount "to no more than a rehash of legal issues raised and decided adversely" to the party. *Explore Info. Servs. v. Ct. Info. Sys.*, 636 N.W.2d 50, 57 (Iowa 2001). After reviewing the 1.904(2) motion, we tend to agree with the district court and the City that the motion was mainly an attempt to introduce new evidence and new legal theories not previously submitted, and an attempt to "rehash" the legal arguments the court had already addressed and rejected. However, we determine the 1.904(2) motion was proper in this case in light of the Bank's claims that the court incorrectly interpreted a lien satisfaction document filed in the probate action to affect the Bank's interest in the property in question. *See McKee*, 864 N.W.2d at 526 (noting that while a claim made in a 1.904(2) motion may be improper, the motion will still toll the appeal deadline if the motion also had a proper purpose). With a tendril of an argument saving the

motion, we find we do have jurisdiction to proceed with the appeal. We deny the City's motion to dismiss and address the merits of the appeal.

## II. Motion to Set Aside Default Judgment.

The Bank claims the district court abused its discretion when it refused to set aside the default judgment based on "excusable neglect." *See* Iowa R. Civ. P. 1.977. The Bank contends the court failed to acknowledge that the City made a mistake when it served the petition to award title and original notice via certified mail to an address in Arizona that was listed on the mortgage document, instead of sending it to the Bank's registered agent in Iowa or to its home office address in North Carolina. The Bank contends this alleged misdirection of the petition resulted in a delay notifying the Bank "through the proper channels" in the Bank's organization as to the existence of the action. The Bank also maintains that the district court incorrectly determined it did not intend to defend the action or take steps to do so when the district court relied on a release of lien the Bank filed in the probate case. The Bank asserts that release dealt with a credit card account of the decedent and not the mortgage.

"In ruling on a motion to set aside a default judgment, the district court is vested with broad discretion and will only be reversed if that discretion is abused. We are bound by the district court's factual findings if supported by substantial evidence." *Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009) (citations omitted). We view the evidence in the light most favorable to the district court's ruling. *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994).

Iowa Rule of Civil Procedure 1.977 provides, "On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." It is the Bank's burden to prove good cause, and we are more reluctant to interfere with the court's grant of the motion to set aside rather than its denial. *See Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999). The court focuses on four factors when determining whether there is excusable neglect constituting good cause:

> First, did the defaulting party actually intend to defend? Whether the party moved promptly to set aside the default is significant on this point. Second, does the defaulting party assert a claim or defense in good faith? Third, did the defaulting party willfully ignore or defy the rules of procedure or was the default simply the result of a mistake? Last, whether relief is warranted should not depend on who made the mistake.

*Id.* at 585 (citation omitted).

In ruling on the motion to set aside, the district court enumerated these factors and addressed each one. The court noted the Bank failed to mention a specific defense to the merits of the City's action, and the Bank took no action to protect or maintain the property for over two years following Marjorie's death. This indicated to the court that the Bank did not intend to preserve its interest in the property or enforce its rights. In addition, the Bank designated the Arizona address in the loan and mortgage documents as the address where notices should be sent,[1] and there was no evidence presented that employees at the

---

[1] Paragraph 16 of the mortgage instrument contained this provision under "Notices": "Any notice to Lender shall be given by first class mail to Lender's address stated herein . . . ." The Arizona address was shown at the top of the document, as the place where the mortgage was prepared.

Arizona address did not receive the notice that was sent or did not follow corporate procedures to notify appropriate individuals in the company. The court concluded,

> Any confusion or delay in this matter was due to Bank of America's apparent failure to have systems in place to monitor individuals and organizations authorized to act on their behalf pursuant to the authority granted. The unsubstantiated breakdown of communication between Bank of America and its myriad of offices, agents, and contractors does not constitute excusable neglect.
> . . . .
> Also contrary to its claims, Bank of America has expended little, if any resources "managing and maintaining the property." Bank of America's attempt to insulate itself from responsibility in this case by employing a variety of "servicers" in numerous states does not justify its disregard of its legal obligations. . . . Hiring various businesses or agencies to assume the Bank's responsibility for maintaining and preserving real estate property without some form of oversight is not a mistake or oversight.

The court also noted the prejudice to the City if the motion was granted in light of the fact the City had been burdened with this property for three years and will suffer if the case is subject to further delay. The court ultimately concluded the Bank did not demonstrate "good cause" for the delay to justify setting aside the default judgment.

The evidence the Bank asserts on appeal in support of its claim that it did take steps to maintain and protect the property was not presented to the court during the hearing on the motion to set aside and only came to the court's attention in the 1.904(2) motion, at a time when the evidence could not be considered. *See Bolick*, 539 N.W.2d at 361 (noting 1.904(2) motions "are not vehicles for parties to retry issues based on new facts"). There was no evidence of what happened to the notice that was delivered to the Arizona office, an

address the Bank placed on its mortgage and note documents as the address for notices to be sent. In addition, notices were placed on the house itself, and pictures of the house the Bank submitted as proof that it was maintaining the property show the City's notices on the door. This indicates that the Bank, through its agents and servicers, did not take proper steps to protect its rights and interests in the property. Finally, the Bank waited until the sixtieth day to file its motion to set aside the default. *See Brandenburg*, 603 N.W.2d at 584 (noting that how promptly a party moves to set aside a default is significant on the factor of whether the party actually intended to defend).

We find no abuse of discretion in the district court's denial of the Bank's motion to set aside the default judgment.

**AFFIRMED.**