# IN THE COURT OF APPEALS OF IOWA

No. 16-2053
Filed July 19, 2017

IN RE THE MARRIAGE OF LITA ELAINE VIERS
AND WILLIAM G. VIERS, JR.

Upon the Petition of
LITA ELAINE VIERS n/k/a LITA ELAINE JOHNSON,
        Petitioner-Appellant,

And Concerning
WILLIAM G. VIERS, JR.,
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Madison County, Paul R. Huscher,

Judge.


        Lita Viers appeals the order modifying the child custody provisions of the

decree dissolving her marriage to Bill Viers.  **AFFIRMED.**


        Jaclyn M. Zimmerman of Grefe & Sidney, P.L.C., Des Moines, for

appellant.

        Paul A. Miller of Miller Law Office, Fairfield, for appellee.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Lita Viers appeals the order modifying the child custody provisions of the decree dissolving her marriage to Bill Viers. She alleges transferring physical care of their child to Bill is contrary to the child's best interests. She instead requests modification of the decree to grant her sole legal custody of the child. She also asks us to require the parties to contribute a proportionate share of the court costs and guardian ad litem fees incurred in the modification action.

**I. Background Facts and Proceedings.**

Lita and Bill have one child together, who was born in 2010. The 2014 decree dissolving their marriage provides the parties with joint legal custody of the child. The decree granted Lita physical care subject to visitation with Bill.

A year after entry of the dissolution decree, Lita filed a petition to modify the visitation provisions of the decree based on Bill's move to Cedar Rapids. She later amended her petition based on allegations the child had suffered abuse while in Bill's care. She requested sole legal custody of the child and asked the court to eliminate Bill's visitation. In an amended answer, Bill asked the court to place the child in his physical care.

The court appointed a guardian ad litem for the child. In a detailed and thorough thirty-five-page report to the court, based on his interviews and observations, the guardian ad litem recommended joint legal custody with physical care of the child placed with Bill.[1]

---

[1] The guardian ad litem filed a seven-page supplemental report covering the month-long period between the filing of the initial report and trial, but his recommendations remained the same.

The district court also ordered a custody evaluation at the guardian ad litem's request.[2] The custody evaluator interviewed and observed the parties and the child over a three-month period. In her report, the evaluator also recommended placing the child in Bill's physical care.

Following trial, the district court entered an order modifying the decree. The court continued joint legal custody of the child but placed the child's physical care with Bill. The court also taxed the guardian ad litem's fees to Lita. After the court denied her motion to enlarge and amend, Lita appealed.

## II. Modification of Physical Care.

We review the modification order de novo. *See In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006). In doing so, we give weight to the district court's fact-findings, especially those concerning witness credibility, though we are not bound by them. *See id.* "We recognize that the district court 'has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity.'" *See id.* (quoting *In re Marriage of Walters*, 575 N.W.2d 739, 741 (Iowa 1998)). We afford the district court "considerable latitude" in its determination "and will disturb the ruling only when there has been a failure to do equity." *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005).

In order to modify the custody provisions of a dissolution decree, the parties' circumstances must have substantially changed in a way that was not within the parties' contemplation at the time the decree's entry. *See In re Marriage of Walton*, 577 N.W.2d 869, 870 (Iowa Ct. App. 1998). If a substantial

---

[2] The court ordered the costs of the evaluation be paid equally by both parties.

change in circumstances is shown, the parent seeking modification "has a heavy burden and must show the ability to offer superior care." *In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004); *accord In re Marriage of Spears*, 529 N.W.2d 299, 301 (Iowa Ct. App. 1994) (stating "once custody of a child has been fixed, it should be disturbed only for the most cogent reasons"). The controlling consideration in determining child custody is the children's best interests. *See In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007).

Lita does not contest that a substantial change of circumstance warrants modification of the custody decree. She instead argues it is not in the child's best interests to place the child in Bill's physical care. Her argument hinges on allegations that Bill has abused the child while the child was in his care.

We note at the outset that Bill was physically abusive to Lita during their marriage. This court does not view this history lightly. The legislature has listed a history of domestic abuse as one of the factors the court is to consider in determining child custody. *See* Iowa Code § 598.41(3)(j) (2015). In weighing such evidence, we consider the nature of the abuse, its severity, its repetition, and to whom the abuse was directed. *See In re Marriage of Forbes*, 570 N.W.2d 757, 760 (Iowa 1997). Here, there is no evidence that Bill abused the child during the marriage.

Looking at the evidence of abuse since the dissolution, we find the allegations of Bill abusing the child are wholly unsubstantiated. In the year after the modification action's initiation, the Iowa Department of Human Services (DHS) investigated three reports of abuse by Bill toward the child, and each time it determined the report was unfounded. As the district court noted, the "nearly

uniform conclusion of the independent witnesses in this case, including those with expertise and experience in interviewing children and assessing the substance of their statements, is that [the child] was coached by his mother in making his statements" about abuse. The guardian ad litem, the custody evaluator, school officials, law enforcement, and the DHS questioned the veracity of the allegations of abuse with multiple observers reporting the child had a "flat affect" while recounting the accusations, which were stated in the same manner each time with scant detail. Coupled with the observations of the child's interactions with both parents, the evidence overwhelmingly indicates no such abuse occurred. Rather, the evidence paints a picture of a mother who is unable "to separate her own trauma and fear of Bill based on past experiences from that of her son" and a child "with a strong desire to please his mother," who "has spent a good portion of his life caring for her emotionally and watching out for her physical safety." The child's allegations of abuse are a result of this dynamic. As the custody evaluator noted, it is "unclear" whether Lita's allegations regarding Bill's abuse of the child "are fabricated or simply projected fears of her own history." However,

> [t]he distinction is irrelevant. [The child] has been harmed. He has been paraded around town to tell multiple professionals of his serious abuse by his father. That abuse has not occurred. It has been investigated by multiple agencies and no reports are founded. There is no new information to confirm the story. The abuse did not occur. [The child] will need significant therapy to help in him move forward with a positive view of his father.

In determining the child's best interests, we consider "the opportunity for *maximum continuous physical and emotional contact possible with both parents*, unless direct physical or significant emotional harm to the child may result from

this contact." Iowa Code § 598.1(1) (emphasis added). Our objective "is to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). Having determined that Bill has not posed direct or significant harm to the child, Lita's repeated attempts to deprive the child contact with him is contrary to the child's best interests. It is Lita's conduct since the dissolution decree was entered that has been most harmful to the child. Accordingly, it is in the child's best interests to grant Bill physical care. For the same reasons, granting Lita sole legal custody would not be in the child's best interests.

**III. Costs.**

The guardian ad litem fees and expenses exceeded $10,000 in this action. Lita alleges the district court erred in taxing the entire cost of the guardian ad litem's fees to her.

The court has the discretion to award attorney fees. *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997). This includes an award of a guardian ad litem's fees. *See In re Blessing's Marriage*, 220 N.W.2d 599, 606 (Iowa 1974). We will not disturb such an award absent an abuse of discretion. *See In re Marriage of Maher*, 596 N.W.2d 561, 568 (Iowa 1999). Whether to award attorney fees depends on the parties' respective abilities to pay. *See In re Marriage of Bolick*, 539 N.W.2d 357, 361 (Iowa 1995). We also consider which party prevailed in the action. *See In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013).

Lita argues the parties should be taxed a proportionate share of the guardian ad litem fees, Because she earns $35,400 per year and Bill earns

$43,634 per year, she argues she should be taxed forty-five percent of the costs and Bill should be taxed fifty-percent of the costs.  In denying Lita's motion to enlarge, the district court stated:

> Costs in this matter were taxed in accordance with the statutory provisions for taxation of costs, and Guardian ad Litem fees were appropriately included in court costs.  Petitioner's assertion that perhaps the taxation of fees was intended as some form of punishment, is without basis.

In light of Bill's success in the modification action, we find, under the facts of the case before us, the court did not abuse its discretion in assessing the guardian ad litem's costs to Lita.  Although Lita alleges the costs were assessed to her punitively, the record contradicts her claim.

We decline Lita's request for an award of appellate attorney fees.

**AFFIRMED.**